IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES KRECKER        PLAINTIFF

v.        Civil No. 2:20-CV-02064

PROSECUTING ATTORNEY (representing        DEFENDANT
the State of Arkansas)

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on April 24, 2020. (ECF No. 1). Plaintiff's sole named Defendant in the case is an unnamed prosecutor for the State of Arkansas. (*Id*. at 2). Plaintiff alleges he has been incarcerated for over a year awaiting trial, in violation of his constitutional rights to a speedy trial. (*Id*. at 4). Plaintiff proceeds against the prosecutor in his or her official capacity. (*Id*. at 4). Plaintiff seeks compensatory damages and the immediate dismissal of all charges against him. (*Id*. at 7).

### II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's claims against the Defendant prosecutor must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Plaintiff has failed to allege the Defendant prosecutor engaged in any conduct other than actions taken in connection with his or her duties as a prosecuting attorney. Accordingly, the prosecutor is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit). The claims against the Defendant prosecutor are dismissed with prejudice.

Further, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Plaintiff is encouraged to raise his concerns regarding his speedy trial rights with his defense attorney.

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITH PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The clerk is DIRECTED to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 14th day of May 2020.

Judgment will be entered accordingly.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE